**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-00077-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.      ANDY RICARD ALAVAREZ-GONZALEZ,

      Defendant.

---

ORDER OF DETENTION

---

      THIS MATTER came before the Court for a detention hearing on March 24, 2021.

      The government is requesting detention in this case.  The defendant contested detention and both sides offered argument beyond the contents of the bail report.  In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

      In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.  18 U.S.C. § 3142(b).  The former element must

be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person including–

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:   Defendant has been charged by Indictment with three felony counts:   (1) felon in possession of a firearm; (2)

illegal alien in possession of a firearm; and (#) illegal re-entry after deportation.   The Government proceeded by proffer that Defendant is an active gang member and has recently assaulted another resulting in stabbing the other person in the leg.   In addition, the Pretrial Services Report indicates that he has an extensive criminal history including prior weapons charges and prior removals from the United States.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.   In addition, due to the escalating severity of the allegations and the Government's factual proffer, this court finds that the Government has established by clear and convincing evidence that there are no conditions or combination of conditions of release that will reasonably assure the safety of another or the community.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this

proceeding.

DATED:   March 24, 2021              BY THE COURT:

                                     Nina Y. Wang
                                     United States Magistrate Judge

4