IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00077-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDY RICARDO ALVAREZ-GONZALEZ
    a/k/a Andy Gonzalez-Alvarez
    a/k/a Andy Alvarez
    a/k/a Andy Gonzalez
    a/k/a Andy Richard Alveraz-Gonzalez
    a/k/a Silent

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Matthew T. Kirsch, Acting United States Attorney for the District of Colorado, and Dorothy DiPascali, Special Assistant United States Attorney, and the defendant, Andy Ricardo Alvarez-Gonzalez, personally and by counsel, David Kraut, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1 and Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B).

### I. AGREEMENT

**A.** *Defendant's Plea of Guilty:*

The defendant agrees to (1) plead guilty to Count 2 of the Indictment, charging a violation of 18 U.S.C. § 922(g)(5) (possession of a firearm and ammunition by an alien

**Court Exhibit**

**1**

present in the United States illegally and unlawfully), (2) not file any motions pursuant to Rule 12(b)(3), Federal Rules of Criminal Procedure, (3) forfeit property pursuant to 18 U.S.C. § 924(d), (4) waive certain appellate rights, as set forth below, (5) request a sentence of at least 24 months of imprisonment.

### B.    Government's Obligations:

In exchange for the defendant's plea of guilty and waiver of certain appellate rights, the United States agrees to (1) move to dismiss Counts 1 and 3 of the Indictment, charging violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition) and 8 U.S.C. § 1326(a) and (b)(2) (illegal reentry following an aggravated felony conviction), (2) recommend the Court give the defendant full credit for acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing, and (3) request a sentence of no more than 40 months of imprisonment.

Should the plea of guilty be vacated on the motion of the Defendant, the United States may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement.

### C.    Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria:

(1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to offense level 21; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

### D. Forfeiture and Abandonment of Right, Title, and Claim to Seized Property:

The defendant admits to the forfeiture allegation contained in the Indictment. The defendant further agrees that any property subject to forfeiture under 18 U.S.C. § 924(d), seized from the defendant and currently in the custody and/or control of the United States or other law enforcement agency, was properly seized and that such property constitutes evidence, contraband, or fruits of the crime to which the defendant is pleading guilty. As such, the defendant will relinquish all claims, title and interest the defendant has in such property to the United States of America with the understanding and consent that the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), U.S. Bureau

of Alcohol, Tobacco and Firearms, or other appropriate agency, will cause the property described to be destroyed forthwith without further obligation or duty whatsoever owing to the defendant or any other person.

The United States anticipates that the defendant will state under penalty of perjury that he abandons all right and claim to this property.

Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose on the defendant in addition to forfeiture.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense charged in Count 2, possession of a firearm and ammunition by an alien present in the United States illegally and unlawfully, in violation of 18 U.S.C. § 922(g)(5), to which the defendant will plead guilty, are as follows:

*First:*     The defendant knowingly possessed a firearm and ammunition;

*Second:*     At the time the defendant possessed the firearm and ammunition, the defendant was an alien present in the United States illegally or unlawfully;

*Third:*     At the time the defendant possessed the firearm and ammunition, the defendant knew he was an alien present in the United States illegally or unlawfully;

*Fourth:*     Before the defendant possessed the firearm and ammunition, the firearm and ammunition had moved at some time from one state to

another.

The term "*alien*" means not a citizen or national of the United States. The term "*firearm*" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

### III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(5) is not more than 10 years of imprisonment; not more than a $250,000 fine, or both; not more than 3 years of supervised release; and a $100 special assessment fee.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

### IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. The conviction may also result in a violation of the conditions of the defendant's state parole or probation. Because the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, to be denied admission to the United States, and to be denied citizenship.

### V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range

for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:

The defendant, born in Mexico, is not a citizen or national of the United States. The defendant has no claim to lawful status in the United States. During all dates relevant to these charges, the defendant knew he was an alien in the United States illegally and unlawfully. The defendant has been removed from the United States to Mexico two times, most recently on December 22, 2018.

On February 14th, 2021 at approximately 2 a.m., the Denver Police Department responded to a call of shots fired at an apartment in Denver, Colorado. Upon arrival, officers contacted the defendant's common-law wife, who told them that the defendant had gotten into a verbal altercation with an unknown individual and that she had seen the defendant fire a 9mm gun into the ceiling of the apartment as he was leaving. She provided officers with the defendant's name and date of birth, as well as a description of the vehicle that he left in, to include the license plate number.

Officers found the defendant in the driver's seat of the vehicle described, in the parking lot of the apartment complex. He was taken into custody. Officers observed in plain view what appeared to be the barrel of a pistol located on the floor between the driver's seat and center console of the vehicle. Officers seized the item after discovering it to be a Kahr Arms 9mm pistol (model CW9; serial number YB8062). Officers also located one bullet entry hole just inside the front door of the apartment, where the defendant's wife had indicated that the defendant had fired the gun. On the pavement below the stairs leading to the apartment, officers found one 9mm cartridge case. The Kahr pistol was test-fired and functioned as designed. The pistol and recovered cartridge case were examined and determined to have traveled in interstate commerce prior to February 14, 2021.

The defendant committed the instant offense subsequent to sustaining a felony conviction for a crime of violence: On November 9, 2010 the defendant was convicted in Arapahoe County case number 2010CR641 of the offense of Assault 2 – Cause Injury with a Deadly Weapon, in violation of C.R.S. § 18-3-203(1)(b), a class 4 felony.

## VI. ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the United States Sentencing Guidelines are only advisory, but represent the starting point and benchmark for sentencing. The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission.

To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (USSG). To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may make legal or factual arguments that affect the estimate below.

**Illegal Alien in Possession of a Firearm and Ammunition – USSG §2K2.1**

    A. The base guideline is §2K2.1(a)(4)(A) with a base offense level of **20**.[1]

    B. The parties agree that the following specific offense characteristics apply: **+4** because the defendant used or possessed a firearm in connection with another felony offense. §2K2.1(b)(6)(B).[2]

    C. Therefore, the adjusted offense level is **24**.

**Acceptance of Responsibility**: The defendant should receive a three-level

---

[1] The parties agree that the defendant's conviction in Arapahoe County case number 2010CR641, for conduct committed prior to age 18, is attributed three criminal history points under USSG § 4A1.2(d)(1) and that the offense of conviction, Assault 2 – Causing Injury with a Deadly Weapon, is a crime of violence. Accordingly, base offense level 20 applies. See §2K2.1(a)(4)(A) and Application Note 10 to §2K2.1.

[2] The discharge of the Kahr firearm on February 14, 2021 constitutes a violation of C.R.S. § 18-12-107.5, a class 5 felony. See C.R.S. § 18-12-107.5 ("Any person who knowingly or recklessly discharges a firearm into any dwelling or any other building or occupied structure [...] commits the offense of illegal discharge of a firearm.").

adjustment for acceptance of responsibility under § 3E1.1. The resulting, total offense level therefore would be **21**.

**Criminal History Category**: The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant's Criminal History Category would be **III**. Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

**Imprisonment**: The advisory guideline range of imprisonment resulting from an offense level of **21** and the above criminal history category is **46-57** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 37-96 months.

**Fine**: Pursuant to guideline § 5E1.2, assuming an estimated offense level of **21**, the fine range for this offense would be $15,000 to $150,000, plus applicable interest and penalties.

**Supervised Release**: The guideline range of supervised release under § 5D1.2 is at least one year but not more than three years.

The parties understand that although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party. The parties understand

9

that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 6/9/21

Andy Ricardo Alvarez-Gonzalez
Defendant

Date: 6/9/21

David Kraut
Attorney for the Defendant

Date: 6/9/2021

Dorothy DiPascali
Special Assistant United States Attorney

10