IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00077-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ANDY RICARDO ALVAREZ-GONZALEZ,

 Defendant.

_____

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR NON-GUIDELINE SENTENCE**
_____

  The United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Albert Buchman, respectfully files this Response to Defendant's "Motion for Below-Guideline Sentence." Dkt. 34. Defendant requests a variant sentence of 30 months prison (16 months below the guidelines) based on cultural assimilation, likely deportation, acceptance of responsibility, and his history and characteristics. *Id.*

  The Government agrees that a variant sentence is appropriate due to uncertainty in how Defendant's prior assault conviction impacts guidelines calculations. However, based on the aggravated facts and Defendant's prior convictions, the Government respectfully requests that this Court impose 40-months of imprisonment, only a six-month variance, in addition to two years of supervised release, with the conditions recommended by the United States Probation Office ("Probation").

1

I.  **Guidelines Calculation & Probation's Sentencing Recommendation.**

As an initial matter, the parties agree with the calculation of Defendant's guidelines as prepared by Probation in the Pre-Sentence Report. *See* Dkt. 36, ¶¶ 17-34. The base level is 20. USSG § 2K2.1. An additional four-level enhancement is added because Defendant used or possessed the firearm in connection with a felony. *Id.* § 2k2.1(b)(6)(B). The adjusted offense level is therefore 24. The Government will move for Defendant to receive three-level adjustment for Acceptance of Responsibility pursuant to Sections 3E1.1(a) and (b).

Thus, the total offense level is 21. When combined with a criminal history category of III, the advisory guidelines range is **46-57** months imprisonment. Probation recommends a guidelines sentence of 46 months. Dkt. 36, Ex. A.

II.  **A sentence of 40-months imprisonment is sufficient but not greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a).**

    a.  **The Government agrees a variant sentence is appropriate.**

At threshold, the Government agrees a variant sentence is appropriate. In the plea agreement, the Government agreed to recommend a variant sentence of "no more than 40 months of imprisonment." Dkt. 20. In making that agreement, the Government considered uncertainty in how Defendant's 2010 conviction in Arapahoe County Case No. 2010CR641 is counted towards criminal history in guidelines calculations, as explained further below. *See id.*, ¶ 30.

In the Arapahoe County case, Defendant was prosecuted as an adult at age 17. He was sentenced to 12 years in CDOC, suspended upon successful completion of a four-year sentence in the Youthful Offender System (YOS). YOS is a sentencing option

in Colorado for certain violent juvenile and youthful offenders under the jurisdiction, direction, and control of the CDOC but separate from the adult prison system. *See* C.R.S. § 18-1.3-407. Under a YOS sentence, juvenile and youthful offenders must be sentenced as adults to the CDOC, suspended conditioned upon successful completion of a shorter YOS sentence. *Id.* § 18-1.3-407.5. YOS inmates are subject to all DOC rules, regulations, and standards pertaining to adult inmates, and are not eligible for parole. *Id.* §§ 18-1.3-407(1)(d), (2)(a)(II). Defendant served all four years in YOS, from 2010 to 2014. Dkt. 36, ¶ 3

In calculating criminal history points, there is an open question of whether YOS counts: (1) as "imprisonment" under Section 4A1.2(d)(1) or (2) as a "adult or juvenile sentence" under Section 4A1.2(d)(2). Accompanying application note seven does not clarify the issue, as it specifies that only "adult sentences of imprisonment" count toward Section 4A1.2(d)(1), not clearly encompassing a YOS sentence.

The impact is that if the former provision applies, Defendant receives three points resulting in a criminal history category of III and a guidelines range of 46-57 months imprisonment. *See* Dkt. 36, ¶¶ 30 32, 34. If the latter applies, Defendant receives no points for the conviction, resulting in a criminal history category of II and a guidelines range of 41-51 months.

In light of the ambiguity in the guidelines, combined with the fact that this conviction was sustained at a young age over a decade ago, the Government agreed to recommend a variance (but not a departure) in the plea agreement and also recommends the same here considering Section 3553(a)(1). As argued below, the Government recommends

only a slight variance of six-months from the advisory guidelines range, however, in consideration of other Section 3553(a) factors.

### b. Other Section 3553(a) factors support a 40-month prison sentence.

The Government asserts that the aggravated facts and Defendant's criminal and deportation history considered under other Section 3553(a) factors weigh against the 16-month downward variance requested by Defendant.

First, the nature and circumstances of this offense is more serious than mere firearm possession. Despite state prohibitions against firearm possession, Defendant chose to not only possess a handgun but he also used it in a manner that presented a grave danger to others by firing into an apartment. *See* Dkt. 36, ¶¶ 9, 19 (leading to an enhancement under the guidelines). Furthermore, he handled the gun while using alcohol, increasing the danger of his actions. *See* Dkt. 34 at 4. While the Government notes Defendant's acknowledgement of the risk he created, *see* Dkt. 34 at 5, 8, the sentence here should still reflect the dangerous, serious situation to which Defendant exposed others in possessing a firearm in consideration of Sections 3553(a)(1) and (a)(2)(A).

Second, the Government is concerned that Defendant possessed a firearm after a state conviction for a similar charge: Colorado's possession of a weapon by a previous offender, C.R.S. § 18-12-108(1). *See* Dkt. 36, ¶ 31. In fact, Defendant was on probation for that charge (which involved a stolen handgun), when he committed the instant offense. *See id.*, ¶¶ 31, 33. Defendant was not even one year into his probation term when he chose to arm himself once again, leading to a third felony conviction at only 28 years old.

4

Furthermore, both the state conviction and the present offense were sustained after Defendant's third illegal reentry into the United States. *See* Dkt. 26, ¶ 13 (deportation history).

A significant downward variance as proposed by Defendant would essentially eliminate or at least meaningfully erode the increased guideline base level applied on account of Defendant's prior crime of violence per USSG § 2K2.1(a)(4)(A), as well as an enhancement based on the offense's connection to felony per Section 2K2.1(b)(6)(B). Thus, the Government recommends a longer sentence of 40-months imprisonment to deter Defendant from future firearm possession in consideration of Section 3553(a)(2)(B), especially when state probation has been unsuccessful in doing so. Given that Defendant has demonstrated that he can and will arm himself quickly, a longer sentence is also important to protect the public from Defendant's recidivism in consideration of Section 3553(a)(2)(C).

Defendant also argues that deportation will be a significant punishment here, also justifying a significant variance. Dkt. 34 at 7. Directly contrary to that assertion, Defendant has been deported three times in his past, removal actions which have neither prevented his reentry nor stopped him from engaging in criminal activity. *See* Dkt. 36, ¶ 13. In turn, a longer sentence is important to impress upon Defendant the requirement that he not reenter until he receives necessary permission to do so lawfully.

### c. Cultural Assimilation does not warrant a 16-month variance.

Defendant argues that Defendant's cultural assimilation in the United States supports a 16-month variance. Dkt. 34 at 6-7 (also acknowledging that departure does

5

not apply here). The Government asserts that Defendant's continuing criminal activity weighs against a significant variance on these grounds.

In determining whether to vary from the advisory guidelines range under Section 3553(a)(1), the factors of cultural assimilation must be weighed against other Section 3553(a) factors. *United States v. Rocha-Roman*, 506 Fed. Appx. 799, 903 (10th Cir. 2013) (citing *United States v. Galarza-Payan*, 441 F.3d 885, 890 (10th Cir. 2006). The Government appreciates that Defendant has ties to the United States and has suffered hardship in his life. *See* Dkt. 36, ¶¶ 37-43; Dkt. 34 (Defendant's portrayal of his life circumstances). However, as noted above, Defendant's criminal history is serious, including a crime of violence. *Id.*, ¶¶ 30-31. Furthermore, Defendant has been convicted of both a state and a federal firearm possession offense after being deported and reentering, demonstrating a propensity to continue to engage in criminal activity after reentry. *See id.*

A significant variance imposed here would not reflect Defendant's criminal history and continuing risk to the public when balanced against his ties to the United States. Rather, a longer sentence is important to promote Defendant's respect for laws prohibiting him from violence and gun possession, to act as deterrent to recidivism, and to reduce his risk to the public in consideration of Sections 3553(a)(2)(A), (B) and (C). Accordingly, these factors outweigh the 16-month variance requested by Defendant due to cultural assimilation. Rather, the Government's proposed six-month variance accounts for any variance that may be appropriate due to cultural assimilation, if any.

## **CONCLUSION**

A sentence of 40-months imprisonment, and two years of supervised release is sufficient, but not greater than necessary, to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

DATED this 11th day of February, 2022.

                                        COLE FINEGAN
                                        United States Attorney

                                        s/ Albert Buchman
                                        ALBERT BUCHMAN
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        1801 California Street, Suite 1600
                                        Denver, Colorado 80202
                                        Telephone: (303) 454-0100
                                        Fax: (303) 454-0403
                                        E-mail: al.buchman@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      s/ *Albert Buchman*
      ALBERT BUCHMAN
      Assistant United States Attorney
      United States Attorney's Office
      1801 California Street, Suite 1600
      Denver, Colorado 80202
      Telephone: (303) 454-0100
      Telecopier: (303) 454-0403
      E-mail: al.buchman@usdoj.gov